### CARY MANUF'G CO. v. DE HAVEN.

(Circuit Court, E. D. New York. January 29, 1896.)

PATENTS—ANTICIPATION—BOX STRAPS.

The Cary patent, No. 403,178, for a box strap having interlocking bosses struck up in it, for more strongly joining the ends, *held* not anticipated, valid, and infringed. 58 Fed. 786, reaffirmed.

This was a suit in equity by the Cary Manufacturing Company against Hugh De Haven for alleged infringement of a patent relating to box straps. A preliminary injunction was heretofore granted (58 Fed. 786), and the case is now on final hearing.

A. G. N. Vermilya, for plaintiff.

Albert Comstock, for defendant.

WHEELER, District Judge. This cause has been before heard on a motion for a preliminary injunction against infringement of the plaintiff's patent, numbered 403,178, for a box strap having interlocking bosses struck up in it, for more strongly joining the ends. Nothing really additional has been brought to this hearing in chief, beyond more elaborate presentation. Prior bands of brass are produced which are ornamented with raised bosses, that might interlock, because they were so struck up in thin metal, uniformly, that they could be put together in that way; but they were never intended to be, and are not shown to have ever been, used in that way, or for such a purpose. They do not show an interlocking box strap, nor any binding strap. One figure of the drawing of the Tweddle patent, for a barrel hoop, shows a single part of a hoop with bosses evenly spaced, which might interlock with others made in the same way on a similar part. But the bosses of that patent are for holding the hoops down on the barrel by their shape, and such interlocking is not any part of the thing patented; nor is it described, or even alluded to, in the specification, or otherwise, in any part of the patent. This falls far short of showing interlocking bosses. These things are understood to be the ones most relied upon to defeat the patent, and they all appear inadequate for that purpose. The conclusion reached is the same as before. Decree for orator.